```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

HAROLD L. DANIELS,                :

    Plaintiff,                    :

vs.                               :
                                      CIVIL ACTION 05-0494-WS-M
JO ANNE B. BARNHART,              :
Commissioner of
Social Security,                  :

    Defendant.                    :


                    REPORT AND RECOMMENDATION

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was heard on March 20, 2006. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant Jo Anne B. Barnhart and against Plaintiff Harold L. Daniels.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richard-*

*son v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born July 5, 1958.  At the time of the administrative hearing, Daniels was forty-six years old, had completed a college education (Tr. 331), and had previous work experience as a convenience store manager and as a route manager for a frozen food delivery business (Tr. 332-33).  In claiming benefits, Plaintiff alleges disability due to diabetes mellitus, diabetic neuropathy, gastroparesis, and gastroesophageal reflux disease (Doc. 12).

The Plaintiff filed protective applications for disability benefits and SSI on September 26, 2003 (Tr. 15, 287-90).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although he could not perform his past relevant work, Daniels had the capability of performing a full range of sedentary work (Tr. 12-28).  Plaintiff requested review of the hearing decision (Tr. 298-99) by the Appeals Council, but it was denied (Tr. 6-9).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Daniels alleges only the claim that the ALJ did not properly consider the

opinions and conclusions of his treating physician, Dr. Frank Dozier (Doc. 12).  Defendant has responded to—and denies—this claim (Doc. 17).

Plaintiff claims that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's physician, Dr. Frank Dozier.  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[1] *see also* 20 C.F.R. § 404.1527 (2005).

Dr. Frank L. Dozier is a family practitioner who treated Daniels from March 6, 1998 through January 6, 2004 (Tr. 272, 252-65).  The first time Plaintiff was seen by the doctor for his out-of-control diabetes; Dozier noted that Daniels was in no acute distress but increased his medications (Tr. 259).  Plaintiff was not examined again until January 16, 2003, at which time he was complaining of abdominal pain; the doctor noted mild tenderness in the epigastric area for which he provided Ultram[2]

---

[1] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[2] *Ultram* is an analgesic "indicated for the management of moderate to moderately severe pain."  *Physician's Desk Reference* 2218 (54th ed. 2000).

samples (*id.*).  Daniels was still experiencing abdominal pain on February 11 for which he prescribed Prilosec[3] and made an appointment for him to see Dr. Gary R. Kania, an osteopathic doctor specializing in general surgery (Tr. 258, 274).  A prescription was called in on March 26, 2003 for Ultram; a note also indicates that Dozier was conferring with Dr. John G. Yager, a neurologist, in treating Daniels (Tr. 258).  Dozier next saw Plaintiff on October 21, 2003 for complaints of dizziness (Tr. 257).  On that same date, the doctor completed a medical assessment report in which he stated that Daniels suffered from non-insulin dependent diabetes and diabetic neuropathy for which he prescribed Neurontin[4] and a blood glucose-lowering drug; Dozier indicated that he had seen Plaintiff monthly for three-or-four months, that Daniels could not perform six-to-eight hours of work per day because of physical limitations, and that he had not reached maximum medical recovery (Tr. 256).

On January 6, 2004, Plaintiff was complaining of stomach pain, nausea, and diarrhea for which Dozier again prescribed Prilosec and scheduled an appointment with Dr. Kania (Tr. 278).  On that same date, Dr. Dozier completed a pain assessment form in which he stated that Daniels's neuropathy would cause pain which

---

[3]*Prilosec* is used in the short-term treatment of duodenal ulcers. *Physician's Desk Reference* 1516-19 (48th ed. 1994).

[4]*Neurontin* is used in the treatment of partial seizures. *Physician's Desk Reference* 2110-13 (52nd ed. 1998).

would distract him from adequately performing his daily activities or work which would be greatly increased with physical activity; the doctor also said that drug side effects would be severe and limit Plaintiff's effectiveness (Tr. 254-55).

One month later, the doctor noted Plaintiff's blood sugar had increased recently and stated that his diabetes was out of control; Dozier changed Daniels's diabetic medications and, over the next several months, prescribed various medications (Tr. 277-78).  A second medical assessment report was completed on August 11, 2004 which, essentially, mirrors the October 21, 2003 report with the additional note that Plaintiff's condition would cause him to miss two or more days of work per month (Tr. 286); the Court notes that this second assessment appears to have been completed without having examined Plaintiff since an April 29, 2004[5] visit (see Tr. 276-67, 306).  On December 21, 2004, Daniels was complaining of pain in his legs, back, and stomach (Tr. 306).  An examination of January 10, 2005 was about the same (Tr. 305).

Medical notes from Dr. Yager demonstrate treatment between March 13, 2003 through October 7, 2003 (Tr. 234-42).  On the first visit, it was the doctor's impression that Plaintiff suffered some "mild peripheral neuropathy [] and a stocking glove

---

[5]The Court notes that there are notations for other dates which are not reflected in this Court's summary of the evidence; those records, however, do not seem to indicate that Daniels was actually examined by Dr. Dozier (Tr. 276-77, 305-06).  At the very least, the exams were minimal and provided little useful information.

decrease sensation" though the extremities were "really not involved except for the stinging and burning;" Yager prescribed Neurontin (Tr. 242).  On May 14, a nerve conduction study revealed findings "consistent with mainly motor neuropathy, probably axonal" (Tr. 239).  Over the next several visits, Yager prescribed several different medications, though noted no real changes (Tr. 236-37).

Medical records from Dr. Kania demonstrate that he saw Plaintiff on February 13, March 7, 2003, and January 8, 2004 for abdominal pain (Tr. 266-70).[6]  At the time of the latter exam, Kania completed a Medical Assessment Report which stated that Plaintiff could not work, for physical reasons, six-to-eight hours a day and that he would likely miss four or more days of work per month (Tr. 268).  Kania saw Plaintiff also on January 15 and March 16, 2004 (Tr. 281) as well as January 10 and 19, 2005 (Tr. 303-04).

The ALJ summarized the medial records, but rejected the conclusions of Drs. Dozier and Kania, noting "that no credible treating or consultative physician has opined that the claimant was disabled because of any physical and/or mental condition or from any resulting symptoms (Tr. 20-23).  More specifically, the

---

[6]The Court has not summarized these medical records as well as those from the other doctors because they are very difficult to decipher.  The ALJ summarized them in his decision (Tr. 21); Daniels has not pointed to anything in particular that the ALJ failed to note regarding Kania's notes, so the Court decided not to restate the ALJ's summary herein.

ALJ stated the following:

> It is unclear how often and under what circumstances these two physicians have treated the claimant.  The associated documents contain insufficient rationale and no citation to medical evidence that would reasonably support their opinions.  The opinions in these documents are deemed to be inconsistent with the record as a whole and the claimant's history of medical treatment.  For these reasons, the undersigned finds the opinions to be less than fully credible, assigns little weight to them and otherwise finds them to not be persuasive.

(Tr. 25).  The ALJ also discounted Daniels's credibility (*id.*), which has not been challenged in this action.  Even so, the ALJ found that Plaintiff could not perform his past relevant work, but could perform a full range of sedentary work.

The Court finds substantial support for the ALJ's conclusions as he is correct in saying that the doctors' conclusions are unsupported by the evidence.  Essentially, the medical evidence consists of Plaintiff's complaints and the doctor's conclusion that Daniels is totally disabled.  However, the medical evidence does not support that conclusion.  Nowhere in Dr. Dozier's notes is there an examination which measures Daniels's ranges of motion, measure his ability to lift and carry weighted objects, or tests his abilities to stand, walk, or sit.  In other words, the doctor provides no evaluation of Plaintiff's physical capacities.  The only real medical evidence regarding Plaintiff's abilities comes from Dr. Yager who found that

Plaintiff suffered some neuropathy, but he does not surmise a finding of disability; in fact, Yager does not give an opinion, one way or the other, as to Daniels's abilities to work. Dr. Dozier's medical records, without more, provide no support for his conclusion that Plaintiff is disabled. Daniels's claim that the ALJ did not properly consider the conclusions of his treating physician are without merit.

Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is recommended that the Secretary's decision be affirmed, see *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), that this action be dismissed, and that judgment be entered in favor of Defendant Jo Anne B. Barnhart and against Plaintiff Harold L. Daniels.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

   A party may object to a recommendation entered by a

magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 28th day of March, 2006.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE